## DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NDENTURE TRUSTEE, FOR THE CSMC 2015-PR1 TRUST, MORTGAGE-BACKED NOTES, SERIES 2015-PR1,** | ) ) ) ) ) | |
| | ) | **Case No. 3:18-cv-0105** |
| **Plaintiff,** | ) ) | **Action for Debt and Foreclosure** |
| **v.** | ) ) | **of Real Property Mortgage** |
| | ) | |
| **THE ESTATE OF HUGO L. MOOLENAAR SR., through its ADMINSTRATIX JUANITA MOOLENAAR; JUANITA MOOLENAAR A/K/A JUANITA G. MOOLENAAR A/K/A JUANITA GIBBONS, INDIVIDUALLY; KAI AIYANA MOOLENAAR; SIHMEN MANDULO MOOLENAAR A/K/A SIHMEN M. MOOLENAAR; KAITU ANDINO F/K/A KAITU M. MANDULO F/K/A KAITU MAAT MANDULO MOOLENAAR; NATASHA MARIE MOOLENAAR; HUGO HERMAN MOOLENAAR, JR.; and any and all UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF HUGO L. MOOLENAAR, SR., DECEASED,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) ) | |

## ORDER AND JUDGMENT

**BEFORE THE COURT** is the motion of Plaintiff, WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NDENTURE TRUSTEE, FOR THE CSMC 2015-PR1 TRUST, MORTGAGE-BACKED NOTES, SERIES 2015-PR1, ("Plaintiff") for entry of Judgment against all Defendants: THE ESTATE OF HUGO L. MOOLENAAR SR., through its ADMINSTRATIX JUANITA MOOLENAAR; JUANITA MOOLENAAR A/K/A JUANITA G.

MOOLENAAR A/K/A JUANITA GIBBONS, INDIVIDUALLY; KAI AIYANA MOOLENAAR; SIHMEN MANDULO MOOLENAAR A/K/A SIHMEN M. MOOLENAAR; KAITU ANDINO F/K/A KAITU M. MANDULO F/K/A KAITU MAAT MANDULO MOOLENAAR; NATASHA MARIE MOOLENAAR; HUGO HERMAN MOOLENAAR, JR.; and any and all UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF HUGO L. MOOLENAAR, SR., DECEASED (Collectively "Defendants").  Plaintiff also seeks an Order foreclosing its mortgage lien on certain real property given as security for repayment of the debt owing by the Defendants and foreclosure of any lower priority liens. For the reasons listed below, the motion is GRANTED:

## I.  FACTUAL AND PROCEDURAL HISTORY

1.      Jurisdiction is proper over this matter pursuant to 28 U.S.C § 1332, and due to the complete diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00.

2.      Venue is proper in this division because the real property at issue is located in St. Thomas, U.S. Virgin Islands.

3.      Plaintiff is a Delaware Limited Liability Company, with its principal place of business in Tempe, Arizona.

4.      HUGO MOOLENAAR A/K/A HUGO L. MOOLENAAR, SR., Deceased as of January 25, 2012, is the owner of record of real property located in St. Thomas, U.S. Virgin Islands and was a citizen of Saint Thomas, U.S. Virgin Islands at the time of death.

5.      Defendant THE ESTATE OF HUGO L. MOOLENAAR SR., through its ADMINISTRATRIX JUANITA MOOLENAAR, is a citizen of the U.S. Virgin Islands for diversity purposes.

6.      Defendant JUANITA MOOLENAAR A/K/A JUANITA G. MOOLENAAR A/K/A JUANITA GIBBONS, is joined by virtue of any right, title or interest said Defendant may claim as an heir at law (surviving spouse) or as a beneficiary of HUGO MOOLENAAR, Deceased, or any interest in the subject property by or through said deceased person; and is a citizen of Indiana, U.S.A.

7.    Defendant KAI AIYANA MOOLENAAR is joined by virtue of any right, title or interest said Defendant may claim as an heir at law (adult child) or as a beneficiary of HUGO MOOLENAAR, Deceased, or any interest in the subject property by or through said deceased person; and is a citizen of Georgia, U.S.A.

8.    Defendant SIHMEN MANDULO MOOLENAAR A/K/A SIHMEN M. MOOLENAAR is joined by virtue of any right, title or interest said Defendant may claim as an heir at law (adult child) or as a beneficiary of HUGO MOOLENAAR, Deceased, or any interest in the subject property by or through said deceased person; and is a citizen of New York, U.S.A.

9.    Defendant KAITU ANDINO F/K/A KAITU M. MANDULO F/K/A KAITU MAAT MANDULO MOOLENAAR is joined by virtue of any right, title or interest said Defendant may claim as an heir at law (adult child) or as a beneficiary of HUGO MOOLENAAR, Deceased, or any interest in the subject property by or through said deceased person; and is a citizen of Georgia, U.S.A.

10.    Defendant NATASHA MARIE MOOLENAAR is joined by virtue of any right, title or interest said Defendant may claim as an heir at law (adult child) or as a beneficiary of HUGO MOOLENAAR, Deceased, or any interest in the subject property by or through said deceased person; and is a citizen of St. Thomas, U.S. Virgin Islands.

11.    Defendant, HUGO HERMAN MOOLENAAR, JR., is joined by virtue of any right, title or interest said Defendant may claim as an heir at law (adult child) or as a beneficiary of HUGO MOOLENAAR, Deceased, or any interest in the subject property by or through said deceased person; and is a citizen of St. Thomas, U.S. Virgin Islands.

12.    Defendant any and all UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF HUGO L. MOOLENAAR, SR., DECEASEDUNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF HUGO L. MOOLENAAR, SR., DECEASEDRS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF HUGO L.

MOOLENAAR, SR., is joined by virtue of any right, title or interest said Defendant may claim as an heir at law or as a beneficiary of HUGO MOOLENAAR, Deceased, or any interest in the subject property by or through said deceased person.

13.     On January 13, 1999, HUGO MOOLENAAR executed a Note, in which he promised to pay the lender named therein, CITIBANK, N.A., the principal sum of NINETY THREE THOUSAND EIGHT HUNDRED and NO/100 U.S. Dollars ($93,800.00) together with interest at the rate of 7.25% per annum, in equal monthly installments of Six Hundred Thirty Nine and 89/100 Dollars ($639.89).

14.     The Note provides further that it shall become due and payable in its entirety, without notice by reason of default in the payment or interest or principal when due, as well as any other default thereunder.

15.     Repayment of the loan from CITIBANK, N.A., including any and all sums that may at any time and for any reason may become indebted to CITIBANK, N.A., is secured by a First Priority Mortgage executed on January 13, 1999 by HUGO MOOLENAAR and Defendant JUANITA MOOLENAAR A/K/A JUANITA G. MOOLENAAR A/K/A JUANITA GIBBONS, in the principal sum of Ninety-Three Thousand Eight Hundred and NO/100 Dollars ($93,800.00) covering the following real property:

> **PARCEL NO. 12G ESTATE NELTJEBERG**
> **NO. 6 LITTLE NORTHSIDE QUARTER**
> **ST. THOMAS, U.S. VIRGIN ISLANDS**
> **CONSISTING OF 14,692.41 SQ. FT., MORE OR LESS**
> **AS SHOWN ON OLG NO. D9-5284-T94**

("Mortgaged Property"). The First Priority Mortgage was recorded at the Office of the Recorder of Deeds for the U.S. Virgin Islands, District of St. Thomas/St. John on January 19, 1999 in Book 50-X, at Page 358, as Instrument No. 170.

16.     The First Priority Mortgage was modified by Loan Modification Agreement effective December 1, 2014 between ESTATE OF HUGO MOOLENAAR (by JUANITA G. MOOLENAAR) and the mortgage servicer, Select Portfolio Servicing, Inc.

17.     The First Priority Mortgage was first assigned to FIRSTBANK PUERTO RICO on June 13, 2000 and recorded at the Office of the Recorder of Deeds for the U.S. Virgin Islands, District of St. Thomas/St. John on July 12, 2000 as Document No. 2000003312.

18.     The First Priority Mortgage was next assigned to DLJ MORTGAGE CAPITAL, INC. on June 20, 2013, and recorded at the Office of the Recorder of Deeds for the U.S. Virgin Islands, District of St. Thomas/St. John on July 10, 2013 as Document No. 2013005386.

19.     The First Priority Mortgage was last assigned to WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, INDENTURE TRUSTEE, FOR THE CSMC 2015-PR1 TRUST, MORTGAGE-BACKED NOTES, SERIES 2015-PR1 on August 1, 2018, and recorded at the Office of the Recorder of Deeds for the District of St. Thomas on September 28, 2018 as Document No. 2018007830.

20.     The Note follows the Mortgage. The Plaintiff is the holder of the Note and Mortgage and is entitled to enforce the Note and Mortgage.

21.     HUGO MOOLENAAR A/K/A HUGO L. MOOLENAAR, SR. died on January 25, 2012 in St. Thomas, U.S. Virgin Islands.  A copy of his death certificate was recorded at the Office of the Recorder of Deeds for the District of St. Thomas on October 5, 2018 as Document No. 2018008202.

22.     HUGO MOOLENAAR and Defendant JUANITA MOOLENAAR A/K/A JUANITA G. MOOLENAAR A/K/A JUANITA GIBBONS have failed to comply with the terms and conditions of the Note and Mortgage and are in default under those instruments for failing to pay the principal and interest when due on January 1, 2018.

23.     Notice of the default was sent to THE ESTATE OF HUGO MOOLENAAR at the mailing address and the property address at time of default.

24.     To date, the default has not been cured, and as a result, Plaintiff has elected to declare the entire amount, due and owing as of August 19, 2021, the sum of **$157,933.65**, as detailed below:

| | |
|---|---|
| Principal Balance | $87,196.32 |
| Deferred Principal Balance* | $1,768.96 |
| Interest good through September 18, 2021 | $16,643.71 |
| Pro Rata Mortgage Insurance | $0.00 |
| Escrow Advance | $8,598.73 |
| Advances made on the Defendant's Behalf | $43,675.47 |
| Late Charges | $44.22 |
| NSF Charges | $0.00 |
| Interest on Advances | $6.24 |
| Suspense Balance | $0.00 |
| **Total Amount Due** | **$157,933.65** |

*Non-Interest Bearing

The current interest rate is **5.12500**%. Per diem interest in the amount of $**11.76** will accrue on the principal unless there is an interest rate change as set forth in the Note. The per diem interest will then accrue on the principal until the next interest rate change date and accrue thereafter in accordance with the variable rate as set forth in the Note. (ECF No. 33-1). The Complaint was filed on December 17, 2018.  (ECF No. 1.)

25.     Defendant SIHMEN MANDULO MOOLENAAR A/K/A SIHMEN M. MOOLENAAR was personally served at his residence or usual place of abode in Long Island City, New York on February 7, 2019. (ECF No. 11).

26.     Defendant NATASHA MARIE MOOLENAAR was personally served in St. Thomas, Virgin Islands on January 28, 2019. (ECF No. 12).

27.     Defendant KAI AIYANA MOOLENAAR was personally served in Atlanta, Georgia on January 12, 2019. (ECF No. 13).

28.     Defendant HUGO HERMAN MOOLENAAR, JR. was personally served in St. Thomas, Virgin Islands on January 26, 2019. (ECF No. 14).

29.     Defendant JUANITA MOOLENAAR A/K/A JUANITA G. MOOLENAAR A/K/A JUANITA GIBBONS, INDIVIDUALLY was served via substitution through a person of suitable age and discretion who resides at her residence or usual place of abode in Michigan City, Indiana, on January 10, 2019. (ECF No. 15).

30.     Defendant KAITU ANDINO F/K/A KAITU M. MANDULO F/K/A KAITU MAAT MANDULO MOOLENAAR was served via substitution through a person of suitable age and

discretion who resides at her residence or usual place of abode in in Stone Mountain, Georgia on January 16, 2019. (ECF No. 16).

31.   Any and all UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF HUGO L. MOOLENAAR, SR., DECEASED were served via publication in the Virgin Islands Daily News pursuant to the Court's Order granting service by publication, ECF No. 19, with the last date of publication being June 24, 2019. (ECF No. 25).

32.   All of the aforementioned Defendants failed to respond the Complaint and Summons within the time allowed by law, and as a result, a default was entered against them by the Clerk of the Court on August 19, 2019.  (ECF No. 28.)

33.   The parties have not completed mediation pursuant to V.I. CODE ANN. tit. 28, § 531; however, waiver of the statutory mediation requirement is appropriate as no Defendant has filed a response to the Complaint or otherwise appeared to defend this matter.

34.   No Defendant is an active member of the United States Armed Forces, no Defendant is an infant, and no Defendant is believed to be incompetent.

35.   A Notice of Lis Pendens was recorded at the Office of Recorder of Deeds for the U.S. Virgin Islands, District of St. Thomas and St. John on January 14, 2019 as Document No. 2019000175, advised all of this pending action.

36.   Plaintiff's Mortgage is a first priority lien upon the Mortgaged Property.

## II.  DISCUSSION

To prevail on a debt and foreclosure claim, the plaintiff must show by a preponderance of the evidence that "(1) the debtor executed a promissory note and mortgage, (2) the debtor is in default under the terms of the note and mortgage, and (3) the lender is authorized to foreclose on the property mortgaged as security for the note." *DLJ Mortg. Capital, Inc. v. Sheridan*, 975 F.3d 358, 367 (3d Cir. 2020) (quoting *Anthony v. FirstBank V.I.,* 58 V.I. 224, 232 (V.I. 2013)). The Court finds that facts enumerated above establish each of the elements for a debt and foreclosure claim.

The premises considered it is hereby

*Wilmington Savings Funds Society, vs The Estate of Hugo L Moolenaar, Sr.,et.al.*
Case No.: 3:18-cv-105
Order and Judgment
Page **8** of **10**

 **ORDERED** that Plaintiff's motion for default judgment against defendants, ECF No. 30, is **GRANTED**; it is further

 **ORDERED** that Plaintiff **SHALL** recover from Defendant's a sum of $157,933.65, as shown below:

| | |
|---|---|
| Principal Balance | $87,196.32 |
| Deferred Principal Balance* | $1,768.96 |
| Interest good through September 18, 2021 | $16,643.71 |
| Pro Rata Mortgage Insurance | $0.00 |
| Escrow Advance | $8,598.73 |
| Advances made on the Defendant's Behalf | $43,675.47 |
| Late Charges | $44.22 |
| NSF Charges | $0.00 |
| Interest on Advances | $6.24 |
| Suspense Balance | $0.00 |
| **Total Amount Due** | **$157,933.65** |

*Non-Interest Bearing

plus further interest accruing at the rate of $11.76 per diem from October 19, 2019, to the date of entry of this judgment; with statutory interest of 4.00% to accrue on the total judgment so entered from the date hereof; it is further

 **ORDERED** that judgment *in rem* is hereby entered in favor of Plaintiff and against Defendants; and that Plaintiff's right, title, and interest in the Mortgaged Property is superior to and shall not be subject to challenge by any parties claiming by, through, under, or against the Defendants; it is further

 **ORDERED** that judgment of Foreclosure of Mortgage in satisfaction of the Judgment for Debt shall be, and is hereby, entered in favor of Plaintiff and against Defendants, as to the following real property:

   **PARCEL NO. 12G ESTATE NELTJEBERG**
   **NO. 6 LITTLE NORTHSIDE QUARTER**
   **ST. THOMAS, U.S. VIRGIN ISLANDS**
   **CONSISTING OF 14,692.41 SQ. FT., MORE OR LESS**
   **AS SHOWN ON OLG NO. D9-5284-T94**;

it is further

 **ORDERED** that Plaintiff's Mortgage is a first priority lien superior to all other liens of record or claims of legal or equitable interests of the Defendants; it is further

**ORDERED** that any liens recorded against the Property after the date of the recording of Plaintiff's Mortgage and the Notice of Lis Pendens in this matter are **FORECLOSED**; it is further

**ORDERED** that Plaintiff shall have foreclosure of its mortgage in satisfaction of the Judgment for Debt in accordance with the rules, procedures, and usages of this Court; it is further

**ORDERED** that the Mortgaged Property shall be sold by United States Marshal according to law. The proceeds of such sale **SHALL** be applied first to the expenses associated with the sale, including but not limited to the costs of publication and the commission assessed by the United States Marshals Service, pursuant to 28 U.S.C. § 1921. The proceeds of such sale **SHALL** then be applied toward satisfaction of this Judgment in favor of Plaintiff including any costs and attorneys' fees that may be awarded upon application and any sums that may be paid by the plaintiff for insurance premiums, taxes and expenditures necessary to maintain the Property pending sale, with interest from the date of any such payment. The surplus, if any, remaining after the application of the proceeds as provided above, **SHALL** be distributed in accordance with 5 V.I.C. § 489; it is further

**ORDERED** that the terms and conditions of the sale **SHALL** be as follows:

1.    Upon sale by the United States Marshal, all rights of the Defendants, **SHALL** be divested with the exception of a six month right of redemption in the Property in accordance with 28 V.I.C. § 535.

2.    The United States Marshal **SHALL** be directed to deliver to the purchaser at the Marshal's Sale a Certificate of Title for the Property immediately following confirmation of sale, and a United States Marshal's Deed with respect to the Property immediately upon expiration of all rights of redemption.

3.    Pursuant to 5 V.I.C. § 484, notice of the Marshal's Sale **SHALL** be posted once per week for four (4) consecutive weeks prior to such United States Marshal's Sale, in a newspaper of general circulation as it is defined in 1 V.I.C. § 41, and such provisions and means of publication are found to be commercially reasonable in every respect.

4.      At any time, before or after the United States Marshal's Sale, Plaintiff **SHALL** be allowed to assign any or all of its rights under this Judgment or any other Order of this Court, in whole or in part, to one or more assignee(s) or nominee(s) without notice or approval of any kind; and Plaintiff and/or its nominee(s) and assignee(s) shall be allowed to credit bid at such sale and shall be allowed to transfer and/or assign any bids.

5.      Plaintiff and its nominee(s) and assignee(s) may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash. The terms of sale as to all other persons or parties bidding shall be cash.

6.      The successful bidder on the Mortgaged Property shall be require to deposit with the United States Marshal ten percent (10%) of her total in cash or immediately available funds no later than **3:00 pm** on the day of the sale as a condition of being the successful bidder, and to pay the remaining ninety percent (90%) of the bid in cash or immediately available funds within thirty (30) days, inclusive of the date of sale.

7.      The failure to deposit ten percent (10%) of the bid or to pay the balance within the prescribed time periods will result in the forfeiture of all deposits as and for liquidated damages to be applied toward satisfaction of costs or the Debt Judgment, and the United States Marshal may, at the option of Plaintiff or its nominee(s) or assignee(s), award the sale to the next highest bidder or sell the property again at the next available United States Marshal's Sale.

8.      Time is of the essence for the payment of all amounts in connection with the United States Marshal's Sale.

9.      Counsel for Plaintiff **SHALL** be entitled to prepare the United States Marshal's Deed if Plaintiff or its nominee or assignee is the successful bidder, and the United States Marshal shall execute such Deed, which Deed shall conform to existing law.


**Dated:** October 20, 2021                          */s/Robert A. Molloy*
                                                     **ROBERT A. MOLLOY**
                                                     **Chief Judge**